Drew Henwood, Esq.
The Law Offices of Drew Henwood
41 Sutter Street, Suite 621
San Francisco, CA 94104
California Bar No. 184529
(415) 362-7412
(415) 373-9217 fax
email: henwood.drew@gmail.com

Attorney for debtors
Ethan Wilson Cliffton and Renee Laraine Hilpert

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

In re

**ETHAN WILSON CLIFFTON,** and
**RENEE LARAINE HILPERT**,

                Debtors.

**ETHAN WILSON CLIFFTON**, and
**RENEE LARAINE HILPERT**,

                Movants,

vs.

**BAY AREA FINANCIAL CORPORATION**,

                Respondent.

Case No. 10-44775-LT-13

Chapter 13

**MOTION TO DETERMINE VALUE AND STATUS OF JUNIOR LIEN HOLDER BAY AREA FINANCIAL CORPORATION'S CLAIM AS WHOLLY UNSECURED AND VOID THE JUNIOR LIEN**

**Date**: (No hearing presently requested)
**Time**:
**Place**: 1300 Clay Street
        Courtroom 201
        Oakland, California 94612
**Judge**: The Honorable Leslie Tchaikovsky

This motion is filed by Ethan Wilson Cliffton and Renee Laraine Hilpert (hereinafter collectively referred to as the "Debtors") in the above-captioned Chapter 13 case pursuant to Title 11 U.S.C. § 506(a) and FRCP 3012 and 9014 to obtain an order to determine the value and status of the claim of Respondent Bay Area Financial Corporation as a wholly unsecured claim and to void the

Page 1 - MOTION TO DETERMINE VALUE AND STATUS     In re Ethan Wilson Cliffton and Renee Laraine Hilpert
OF JUNIOR LIEN HOLDER BAY AREA FINANCIAL CORPORATION    Ch 13 Case No. 10-144775-LT-13
Case: 10-44775    Doc# 17    Filed: 06/15/10    Entered: 06/15/10 13:23:05    Page 1 of 4

lien of the Respondent on Debtors' real property at 62 Montell Street, Oakland, California 94611-4924. In support of this motion, debtors would state as follows:

1. Debtors commenced Case No. 10-44775-LT-13 by filing a voluntary Chapter 13 petition in the United States Bankruptcy Court for the Northern District of California, Oakland Division on April 27, 2010. The assets of Debtors include real property commonly known as 62 Montell Street, Oakland, California 94611-492. (hereinafter referred to as the "Subject Property").

2. Debtors are informed and believe that at the time of the filing of the bankruptcy petition, the Subject Property was worth Five Hundred Fifty Five Thousand dollars ($551,000.00) based on a www.zillow.com report dated October 28, 2009.

3. Alameda County Assessor holds a first lien position on the Subject Property in the amount of Nine Thousand Five Hundred Ninety-Two and 14/100 dollars ($9,592.14).

4. Creditor, Bank of America Home Loans holds a **first** deed of trust on the Subject Property. This deed of trust the Debtors granted to the predecessor of Bank of America Home Loans was recorded on February 15, 2005, a recorded interest in the Alameda County Recorder's Office with Document 2005062901.

5. Debtors are informed and believe that at the time of the filing of the bankruptcy petition the current indebtedness secured by the Debtors' **first** deed of trust claimed by Bank of America Home Loans is Five Hundred Nine Thousand Eight Hundred Ninety-Two and 72/100 dollars ($509,892.72).

6. Creditor, Bank of America Home Loans holds a **second** deed of trust on the Subject Property. This deed of trust the Debtors granted to Bank of America Home Loans was recorded on June 27, 2006, a recorded interest in the Alameda County Recorder's Office with Document 20066245970.

7. Debtors are informed and believe that at the time of the filing of the bankruptcy petition the current indebtedness secured by the **second** deed of trust claimed by Bank of America Home Loans is Eighty-Six Thousand Six Hundred Nineteen and 21/100 dollars ($86,619.21).

8. Creditor, Bay Area Financial Corporation, holds a **third** deed of trust on the Subject Property.

| | |
|---|---|
| 1 | This deed of trust the Debtors granted to Bay Area Financial Corporation was recorded on |
| 2 | August 03, 2007, a recorded interest in the Alameda County Recorder's Office with |
| 3 | Document 20077288441. |
| 4 | 9. Debtors are informed and believe that at the time of the filing of the bankruptcy petition the |
| 5 | current indebtedness secured by the Debtors' **third** deed of trust claimed by Bay Area |
| 6 | Financial Corporation is Two Hundred Ninety-Eight Thousand Four Hundred Forty-Eight and |
| 7 | 03/100 dollars ($298,448.03). |
| 8 | 10. In Section 12 of the Debtors' Chapter 13 Plan, the Debtors assert they would file a motion to |
| 9 | strip off the **third** lien held by Bay Area Financial Corporation. |
| 10 | 11. The claim of Bay Area Financial Corporation predicated on such **third** deed of trust is a |
| 11 | wholly unsecured lien against Debtors' Property and is accordingly not protected by the anti- |
| 12 | modification clause of Bankruptcy Code §1322(b)(2). Lender Bay Area Financial |
| 13 | Corporation's junior lien claim should therefore be valued pursuant to Title 11 U.S.C. § 506 |
| 14 | and Bankruptcy Rule 3012 at zero dollars ($0.00) and, after such valuation, voided, cancelled, |
| 15 | extinguished and formally stripped off of Debtors' Property so that it no longer remains a |
| 16 | recorded lien or encumbrance on Debtors' Property. The claim of Bay Area Financial |
| 17 | Corporation on its **third** deed of trust should be paid only as a general unsecured claim in |
| 18 | Debtor's Chapter 13 Plan and should not be paid as a secured claim for any amount |
| 19 | whatsoever. In re Zimmer (9th Cir. 2002) 313 F2d 1220, 1222-1225. |
| 20 | 12. The 9th Circuit rule in In re Zimmer allowing such wholly unsecured junior lien claim to be |
| 21 | stripped off Debtor's real property through a Chapter 13 Plan is in harmony with all the other |
| 22 | Circuit decisions which have considered the issue. See In re Lane (6th Cir. 2002) 280 F3d |
| 23 | 663, 667-669; In re McDonald (3rd Cir. 2000) 205 F3d 606, 615; In re Tanner (11th Cir. 2000) |
| 24 | 217 F3d 1357; In re Mann (BAP 1st Cir. 2000) 249 BR 831; In re Bartee (5th Cir. 2000) 212 |
| 25 | F3d 277. |
| 26 | 13. Bankruptcy Rule 3012 provides that the "valuation of security" may be done by noticed |
| 27 | motion rather than adversary proceeding and accordingly the motion to determine and value |
| 28 | lender's secured claim at zero ($0.00) dollars in Debtors Chapter 13 reorganization plan is |

proper.

**WHEREFORE**, Debtors request that the Court enter an Order providing that:

    a. The value of the Property is no more than $551,000.00.

    b. The interest of Bay Area Financial Corporation in the Subject Property is $0.00.

    c. The **third** lien of Bay Area Financial Corporation on the Subject Property and specially any lien described in the deed from Debtors to Bay Area Financial Corporation, recorded in the Alameda County Recorder's Office as Document No.20077288441 is void.

    d. For such other and further relief as the court may deem just and proper.

Dated this 14th day of June, 2010          /s/ Drew Henwood
Attorney For Debtors
Ethan Wilson Cliffton and
Renee Laraine Hilpert

W:\WD-Server\WD@SF-Server\WORK\BANKRUPTCY REFORM\Chapter 13 cases, confirmed and pending\Cliffton-Hilpert\Pleadings\Lien Strip\Motion.wpd

Page 4 - MOTION TO DETERMINE VALUE AND STATUS    In re Ethan Wilson Cliffton and Renee Laraine Hilpert
        OF JUNIOR LIEN HOLDER BAY AREA FINANCIAL CORPORATION    Ch 13 Case No. 10-144775-LT-13

Case: 10-44775    Doc# 17    Filed: 06/15/10    Entered: 06/15/10 13:23:05    Page 4 of 4