Drew Henwood, Esq.
The Law Offices of Drew Henwood
41 Sutter Street, Suite 621
San Francisco, CA 94104
California Bar No. 184529
(415) 362-7412
(415) 373-9217 fax
email: henwood.drew@gmail.com

Attorney for debtors

Ethan Wilson Cliffton and Renee Laraine Hilpert

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re<br><br>**ETHAN WILSON CLIFFTON,** and<br>**RENEE LARAINE HILPERT**,<br><br>Debtors.<br><br>**ETHAN WILSON CLIFFTON**, and<br>**RENEE LARAINE HILPERT**,<br><br>Movants,<br>vs.<br><br>**BAY AREA FINANCIAL CORPORATION**,<br><br>Respondent. | Case No. 10-44775-LT-13<br><br>Chapter 13<br><br>**DECLARATION OF DEBTORS IN SUPPORT OF MOTION TO DETERMINE VALUE AND STATUS OF JUNIOR LIEN HOLDER BAY AREA FINANCIAL CORPORATION'S CLAIM AS WHOLLY UNSECURED AND VOID THE JUNIOR LIEN**<br><br>**Date**: (No hearing presently requested)<br>**Time**:<br>**Place**: 1300 Clay Street<br>Courtroom 201<br>Oakland, California 94612<br>**Judge**: The Honorable Leslie Tchaikovsky |

Ethan Wilson Cliffton and Renee Laraine Hilpert,(hereinafter collective referred to as the "Debtors") by and through their counsel of record, Drew Henwood, Esq., hereby file this Declaration of Debtors in Support of Motion to Determine Value and Status of Junior Lien Holder Bay Area Financial Corporation's Claim as Wholly Unsecured and Void the Junior Lien (hereinafter

referred to as the "Ethan Declaration") in support of the Motion to Determine Value and Status of Junior Lien Holder Bay Area Financial Corporation's Claim as Wholly Unsecured and Void the Junior Lien (hereinafter referred to as the "Motion").

Our names are Ethan Wilson Cliffton and Renee Laraine Hilpert and we make this declaration under penalty of perjury under the laws of the United States of America and the State of California. We have personal and firsthand knowledge as to the statements made and declared herein, except at such times as we so state the statement made herein is based on information from a source other than ourselves and as to those matters we believe them to be true. If called upon as witnesses in a court of law, we would competently testify as to the following.

1. We commenced Case No. 10-44775-LT-13 by filing a voluntary Chapter 13 petition in the United States Bankruptcy Court for the Northern District of California, Oakland Division on April 27, 2010. Our assets include real property commonly known as 62 Montell Street, Oakland, California 94611-492. (hereinafter referred to as the "Subject Property").

2. We are informed and believe that at the time of the filing of the bankruptcy petition, the Subject Property was worth Five Hundred Fifty One Thousand dollars ($551,000.00) based on a www.zillow.com report dated October 28, 2009.

3. Alameda County Assessor holds a first lien position on the Subject Property in the amount of Nine Thousand Five Hundred Ninety-Two and 14/100 dollars ($9,592.14).

4. Creditor, Bank of America Home Loans holds a **first** deed of trust on the Subject Property. This deed of trust we granted to the predecessor of Bank of America Home Loans was recorded on February 15, 2005, a recorded interest in the Alameda County Recorder's Office with Document 2005062901.

5. We are informed and believe that at the time of the filing of the bankruptcy petition the current indebtedness secured by the Debtors' **first** deed of trust claimed by Bank of America Home Loans is Five Hundred Nine Thousand Eight Hundred Ninety-Two and 72/100 dollars ($509,892.72).

6. Creditor, Bank of America Home Loans holds a **second** deed of trust on the Subject Property. This deed of trust we granted to Bank of America Home Loans was recorded on

| | |
|---|---|
| 1 | June 27, 2006, a recorded interest in the Alameda County Recorder's Office with Document |
| 2 | 20066245970. |
| 3 | 7. We are informed and believe that at the time of the filing of the bankruptcy petition the |
| 4 | current indebtedness secured by the **second** deed of trust claimed by Bank of America Home |
| 5 | Loans is Eighty-Six Thousand Six Hundred Nineteen and 21/100 dollars ($86,619.21). |
| 6 | 8. Creditor, Bay Area Financial Corporation, holds a **third** deed of trust on the Subject |
| 7 | Property. This deed of trust we granted to Bay Area Financial Corporation was recorded on |
| 8 | August 03, 2007, a recorded interest in the Alameda County Recorder's Office with |
| 9 | Document 20077288441. |
| 10 | 9. We are informed and believe that at the time of the filing of the bankruptcy petition the |
| 11 | current indebtedness secured by the Debtors' **third** deed of trust claimed by Bay Area |
| 12 | Financial Corporation is Two Hundred Ninety-Eight Thousand Four Hundred Fourty-Eight |
| 13 | and 03/100 dollars ($298,448.03). |
| 14 | 10. In Section 12 of our Chapter 13 Plan, we assert we would file a motion to strip off the **third** |
| 15 | lien held by Bay Area Financial Corporation. |
| 16 | 11. The claim of Bay Area Financial Corporation predicated on such **third** deed of trust is a |
| 17 | wholly unsecured lien against Debtors' Property and is accordingly not protected by the anti- |
| 18 | modification clause of Bankruptcy Code §1322(b)(2). Lender Bay Area Financial |
| 19 | Corporation's junior lien claim should therefore be valued pursuant to Title 11 U.S.C. § 506 |
| 20 | and Bankruptcy Rule 3012 at zero dollars ($0.00) and, after such valuation, voided, |
| 21 | cancelled, extinguished and formally stripped off of Debtors' Property so that it no longer |
| 22 | remains a recorded lien or encumbrance on Debtors' Property. The claim of Bay Area |
| 23 | Financial Corporation on its **third** deed of trust should be paid only as a general unsecured |
| 24 | claim in Debtor's Chapter 13 Plan and should not be paid as a secured claim for any amount |
| 25 | whatsoever. In re Zimmer (9th Cir. 2002) 313 F2d 1220, 1222-1225. |
| 26 | 12. In the view of the wholly unsecured nature of the lien, any claim of Bay Area Financial |
| 27 | Corporation must be disallowed as a secured claim. |
| 28 | 13. We acknowledge and intend to comply with all obligations in our Chapter 13 case, including |

1 making consistent payments to the Chapter 13 Trustee.

2 **WHEREFORE**, for the reasons above stated, we formally move the court to enter an Order

3 providing that:

4     a.    The value of the Property is no more than $551,000.00.

5     b.    The interest of Bay Area Financial Corporation in the Property is $0.00.

6     c.    The **third** lien of Bay Area Financial Corporation on the Property and especially any

7     lien described in the deed from us to Bay Area Financial Corporation and recorded in

8     the County of Alameda Recorder's Office with Document No. 2007288441 is void.

9     d.    For such other and further relief as the Court may deem just and proper.

10 We declare under penalty of perjury under the laws of the United States of America and the

11 State of California that the foregoing is true and correct to the best of our information, knowledge

12 and belief.

15 Dated this 7th day of June, 2010

/s/ Ethan Wilson Cliffton
ETHAN WILSON CLIFFTON
Debtor and declarant herein

/s/ Renee Laraine Hilpert
RENEE LARAINE HILPERT
Debtor and declarant herein

W:\WD-Server\WD@SF-Server\WORK\BANKRUPTCY REFORM\Chapter 13 cases, confirmed and pending\Cliffton-Hilpert\Pleadings\Lien Strip\Declaration.wpd

Page 4 - DECLARATION OF DEBTORS IN SUPPORT    In re Ethan Wilson Cliffton and Renee Laraine Hilpert
MOTION TO DETERMINE VALUE    Ch 13 Case No. 10-144775-LT-13

Case: 10-44775    Doc# 18    Filed: 06/15/10    Entered: 06/15/10 13:25:21    Page 4 of 4